FILED - GR
October 13, 2009 2:59 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Tara Kamp**, | ) | |
| | ) | |
| Plaintiff, | ) | **1:09-cv-943** |
| | ) | **Gordon J Quist** |
| | ) Hon. | **U.S. District Judge** |
| v. | ) | |
| | ) | |
| **Credit Bureau Collection Services,** | ) | |
| **Inc.,** also doing business as **CBCS,** | ) | |
| an Ohio corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Complaint**

**I.    Introduction**

1.      This is an action for damages, brought against a debt collector in response to the debt collector's practices which violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**II.   Jurisdiction**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims and TCPA claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III.  Parties**

3.      Plaintiff Tara Kamp is a natural person residing in Montcalm County, Michigan.

1

Ms. Kamp is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Ms. Kamp is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC. Ms. Kamp is a "person" as the term is defined and/or used in the TCPA.

4. Defendant Credit Bureau Collection Services, Inc., also doing business as CBCS ("CBCS"), is an Ohio corporation with offices at 250 East Town Street, Columbus, Ohio 43215. CBCS maintains a mailing address of P.O. Box 165025, Columbus, Ohio 43216-5025. The registered agent for CBCS in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. CBCS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. CBCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CBCS is a "debt collector" as the term is defined and/or used in the FDCPA. CBCS is licensed (No. 2401001780) by the State of Michigan to collect consumer debts in Michigan. CBCS is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC. CBCS is a "person" as the term is defined and/or used in the TCPA.

**IV. Facts**

5. Ms. Kamp obtained medical services and incurred a debt. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. Ms. Kamp became unemployed and unable to pay the alleged debt.

7. Ms. Kamp disputes the debt.

8. Ms. Kamp refuses to pay the debt.

9. Apparently, the original creditor or a successor in interest hired CBCS to collect

2

the debt from Ms. Kamp.

10. Alternatively, CBCS purchased the debt after the account allegedly became delinquent.

11. On or about October 9, 2009 at approximately 3:30 p.m., CBCS called Ms. Kamp's telephone and left the following message which was recorded on Ms. Kamp's voice mail: "Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Thank you. Goodbye."

12. On or about October 10, 2009 at approximately 9:28 a.m., CBCS called Ms. Kamp's telephone and left the following message which was recorded on Ms. Kamp's voice mail: "Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Thank you. Goodbye."

13. On or about October 12, 2009 at approximately 9:18 a.m., CBCS called Ms.

3

Kamp's telephone and left the following message which was recorded on Ms. Kamp's voice mail: "Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Thank you. Goodbye."

14. Each recorded message left by CBCS on Ms. Kamp's voice mail conveyed information regarding a debt directly or indirectly to Ms. Kamp.

15. Each recorded message left by CBCS on Ms. Kamp's voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

16. CBCS left a recorded message on Ms. Kamp's voice mail that did not disclose in the message that the telephone call was from a debt collector.

17. By failing to disclose in a recorded message left by CBCS on Ms. Kamp's voice mail that the caller was a debt collector, CBCS violated the FDCPA, 15 U.S.C. § 1692e(11), *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (2006); *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (SDNY Sept.18, 2006).

18. In October 2009, it was the practice of CBCS in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

19. CBCS left a recorded message on Ms. Kamp's voice mail that did not disclose in

the message that the telephone call was CBCS.

20. CBCS left a recorded message on Ms. Kamp's voice mail that did not disclose in the message that the telephone call was Credit Bureau Collection Service, Inc.

21. CBCS left a recorded message on Ms. Kamp's voice mail that did not disclose in the message the identity of the entity that was placing the telephone call to Ms. Kamp.

22. CBCS left a recorded message on Ms. Kamp's voice mail that did not include a meaningful disclosure of the caller's identity, which violated the FDCPA, 15 U.S.C. § 1692d(6).

23. In October 2009, it was the practice of CBCS in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message the name of the entity that was placing the telephone call.

24. CBCS left a recorded message on Ms. Kamp's voice mail that did not reveal the purpose of the telephone call.

25. CBCS left a recorded message on Ms. Kamp's voice mail that concealed the purpose of the communication.

26. The recorded messages left by CBCS on Ms. Kamp's voice mail concealed or did not reveal the purpose of the communication, which violated the MOC, M.C.L. § 339.915(e).

27. In October 2009, it was the practice of CBCS in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine which message concealed or did not reveal the purpose of the communication.

28. In the one-year period immediately preceding the filing of this complaint, CBCS telephoned more than one hundred persons residing within the State of Michigan and left on each persons voice mail or telephone answering machine, the message which is quoted in Paragraphs

5

11, 12 and 13 of this complaint.

29. CBCS used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to call Ms. Kamp's telephone as described in Paragraph 11 of this complaint.

30. CBCS used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to call Ms. Kamp's telephone as described in Paragraph 12 of this complaint.

31. CBCS used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to call Ms. Kamp's telephone as described in Paragraph 13 of this complaint.

32. CBCS used an "artificial or prerecorded voice" to leave the message on Ms. Kamp's telephone voice mail as described in Paragraph 11 of the this complaint.

33. CBCS used an "artificial or prerecorded voice" to leave the message on Ms. Kamp's telephone voice mail as described in Paragraph 12 of the this complaint.

34. CBCS used an "artificial or prerecorded voice" to leave the message on Ms. Kamp's telephone voice mail as described in Paragraph 13 of the this complaint.

35. The telephone number CBCS called when making the telephone call described in Paragraph 11 of this complaint is a telephone number assigned to a cellular telephone service.

36. The telephone number CBCS called when making the telephone call described in Paragraph 12 of this complaint is a telephone number assigned to a cellular telephone service.

37. The telephone number CBCS called when making the telephone call described in Paragraph 13 of this complaint is a telephone number assigned to a cellular telephone service.

38. The telephone call made by CBCS to Ms. Kamp as described in Paragraph 11 of this complaint was not made by CBCS for emergency purposes.

39. The telephone call made by CBCS to Ms. Kamp as described in Paragraph 12 of

this complaint was not made by CBCS for emergency purposes.

40. The telephone call made by CBCS to Ms. Kamp as described in Paragraph 13 of this complaint was not made by CBCS for emergency purposes.

41. At no time prior to the filing of this complaint was there any "emergency" on account of which CBCS needed to telephone Ms. Kamp.

42. Not one of the telephone calls made by CBCS to Ms. Kamp's telephone was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

43. CBCS did not obtain express consent from Ms. Kamp for CBCS to call Ms. Kamp's telephone, prior to CBCS making the telephone call to Ms. Kamp as described in Paragraph 11 of this complaint.

44. CBCS did not obtain express consent from Ms. Kamp for CBCS to call Ms. Kamp's telephone, prior to CBCS making the telephone call to Ms. Kamp as described in Paragraph 12 of this complaint.

45. CBCS did not obtain express consent from Ms. Kamp for CBCS to call Ms. Kamp's telephone, prior to CBCS making the telephone call to Ms. Kamp as described in Paragraph 13 of this complaint.

46. Prior to October 12, 2009, Ms. Kamp has never communicated directly by telephone with CBCS.

47. Prior to October 12, 2009, Ms. Kamp has never communicated directly in writing with CBCS.

48. Prior to October 12, 2009, Ms. Kamp has never communicated direct oral communication with CBCS.

49. CBCS has no proof of any kind to support any claim that prior to making a telephone call to Ms. Kamp on October 9, 2009, CBCS obtained express consent from directly from Ms. Kamp for CBCS to call Ms. Kamp's telephone.

50. CBCS has no proof of any kind to support any claim that prior to making a telephone call to Ms. Kamp on October 10, 2009, CBCS obtained express consent from directly from Ms. Kamp for CBCS to call Ms. Kamp's telephone.

51. CBCS has no proof of any kind to support any claim that prior to making a telephone call to Ms. Kamp on October 12, 2009, CBCS obtained express consent from directly from Ms. Kamp for CBCS to call Ms. Kamp's telephone.

52. CBCS failed to send Ms. Kamp a timely notice of her rights as required by the FDCPA, 15 U.S.C. § 1692g.

53. CBCS does not operate a "consumer reporting agency" as the phrase is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

54. CBCS is not employed by a "consumer reporting agency" as the phrase is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

55. Defendant's use of the name "Credit Bureau Collection Services, Inc." falsely represented or implied that CBCS operated or was employed by a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f), in violation of the FDCPA, 15 U.S.C. § 1692e(16), and the MOC, M.C.L. § 339.915a(p).

56. The acts and omissions of CBCS done in connection with efforts to collect a debt from Ms. Kamp were done wilfully.

57. CBCS wilfully violated the FDCPA.

58. CBCS wilfully violated the MOC.

59. CBCS wilfully violated the TCPA.

60. As an actual and proximate result of the acts and omissions of defendant, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

V. **Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

61. Plaintiff incorporates the foregoing paragraphs by reference.

62. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   d) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

9

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

63. Plaintiff incorporates the foregoing paragraphs by reference.

64. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c) Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

d) Defendant violated M.C.L. § 339.915a(p) by operating under a name or in a manner that falsely implied that the collection agency is a credit reporting agency regularly furnishing a credit report about consumers.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916;

b) Treble the actual damages pursuant to M.C.L. § 339.916;

c) Statutory damages pursuant to M.C.L. § 339.916;

d) Equitable, declaratory and injunctive relief pursuant to M.C.L. § 339.916, including but no limited to, a declaration that defendant's debt collection practices

10

   violate the MOC, as well as an injunction, enjoining defendant from using its pre-recorded voice message which violates Michigan law, and enjoining defendant from using the name Credit Bureau Collection Services, Inc.; and

e) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916.

### Count 3 – Telephone Consumer Protection Act

65. Plaintiff incorporates the foregoing paragraphs by reference.

66. Defendant has violated the TCPA. Defendant's violations of the TCPA include, but are not necessarily limited to, the following:

a) Defendant repeatedly violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Wherefore,** plaintiff seeks judgment against defendant for:

a) An injunction, enjoining defendant from violating the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

b) Actual damages or $500.00 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B); and

c) Treble actual damages or $1,500.00 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(C).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: October 13, 2009

              _____
               Phillip C. Rogers (P34356)
               Attorney for Plaintiff
               40 Pearl Street, N.W., Suite 336
               Grand Rapids, Michigan 49503-3026
               (616) 776-1176
               ConsumerLawyer@aol.com