UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Tara Kamp**, | ) |
| | ) Case No. 1:09-cv-943 |
| Plaintiff, | ) |
| | ) Hon. Gordon J. Quist |
| v. | ) |
| | ) |
| **Credit Bureau Collection Services,** | ) |
| **Inc.,** also doing business as **CBCS**, | ) |
| an Ohio corporation, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**First Amended Class Action Complaint**

**I.    Introduction**

1.    This is an action for damages and injunctive relief, brought against a debt collector in response to the debt collector's practices which violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.,* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**II.    Jurisdiction**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims and TCPA claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III. Parties**

3. Plaintiff Tara Kamp is a natural person residing in Montcalm County, Michigan. Ms. Kamp is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Ms. Kamp is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC. Ms. Kamp is a "person" as the term is defined and/or used in the TCPA.

4. Defendant Credit Bureau Collection Services, Inc., also doing business as CBCS ("CBCS"), is an Ohio corporation with offices at 250 East Town Street, Columbus, Ohio 43215. CBCS maintains a mailing address of P.O. Box 165025, Columbus, Ohio 43216-5025. The registered agent for CBCS in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. CBCS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. CBCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CBCS is a "debt collector" as the term is defined and/or used in the FDCPA. CBCS is licensed (No. 2401001780) by the State of Michigan to collect consumer debts in Michigan. CBCS is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC. CBCS is a "person" as the term is defined and/or used in the TCPA.

**IV. Facts**

5. Ms. Kamp obtained medical services and incurred a debt. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. Ms. Kamp became unemployed and unable to pay the alleged debt.

7. Ms. Kamp disputes the debt.

8.  Ms. Kamp refuses to pay the debt.

9.  Apparently, the original creditor or a successor in interest hired CBCS to collect the debt from Ms. Kamp.

10. Alternatively, CBCS purchased the debt after the account allegedly became delinquent.

11. On or about October 9, 2009 at approximately 3:30 p.m., CBCS called Ms. Kamp's telephone and left the following message which was recorded on Ms. Kamp's voice mail: "Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Thank you. Goodbye."

12. On or about October 10, 2009 at approximately 9:28 a.m., CBCS called Ms. Kamp's telephone and left the following message which was recorded on Ms. Kamp's voice mail: "Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference number is 092514575. Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number: 800-968-6906. Again, my number is 800-968-6906. Whoever returns this call should refer to reference number 092514575. Again, the reference

number is 092514575.  Thank you.  Goodbye."

13. On or about October 12, 2009 at approximately 9:18 a.m., CBCS called Ms. Kamp's telephone and left the following message which was recorded on Ms. Kamp's voice mail:  "Hello.  I'm calling about important personal business.  Please call me back as soon as possible at the following number: 800-968-6906.  Again, my number is 800-968-6906.  Whoever returns this call should refer to reference number 092514575.  Again, the reference number is 092514575.  Hello.  I'm calling about important personal business.  Please call me back as soon as possible at the following number: 800-968-6906.  Again, my number is 800-968-6906.  Whoever returns this call should refer to reference number 092514575.  Again, the reference number is 092514575.  Thank you.  Goodbye."

14. Each recorded message left by CBCS on Ms. Kamp's voice mail conveyed information regarding a debt directly or indirectly to Ms. Kamp.

15. Each recorded message left by CBCS on Ms. Kamp's voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

16. CBCS left a recorded message on Ms. Kamp's voice mail that did not disclose in the message that the telephone call was from a debt collector.

17. By failing to disclose in a recorded message left by CBCS on Ms. Kamp's voice mail that the caller was a debt collector, CBCS violated the FDCPA, 15 U.S.C. § 1692e(11).

18. When CBCS left the recorded messages for Ms. Kamp on her voice mail, CBCS was aware or should have been aware of multiple published federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.  *See  Joseph v. J.J.*

*Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104 (C.D. Cal. 2005);  *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (S.D.N.Y. 2006).

19. CBCS is a member of ACA International ("ACA").

20. ACA is a trade group for debt collectors.  According to the ACA website (www.acainternational.org), CBCS has been a member of ACA since 1960.

21. Over the past two or more years, ACA sent multiple writings to its members, discussing the various federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

22. CBCS has been sued in the past for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector in violation of the FDCPA.

23. In October 2009, it was the practice of CBCS in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

24. CBCS left a recorded message on Ms. Kamp's voice mail that did not disclose in the message that the telephone call was CBCS.

25. CBCS left a recorded message on Ms. Kamp's voice mail that did not disclose in the message that the telephone call was Credit Bureau Collection Service, Inc.

26. CBCS left a recorded message on Ms. Kamp's voice mail that did not disclose in the message the identity of the entity that was placing the telephone call to Ms. Kamp.

27. CBCS left a recorded message on Ms. Kamp's voice mail that did not include a

meaningful disclosure of the caller's identity, which violated the FDCPA, 15 U.S.C. § 1692d(6).

28. In October 2009, it was the practice of CBCS in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message the name of the entity that was placing the telephone call.

29. CBCS left a recorded message on Ms. Kamp's voice mail that did not reveal the purpose of the telephone call.

30. CBCS left a recorded message on Ms. Kamp's voice mail that concealed the purpose of the communication.

31. The recorded messages left by CBCS on Ms. Kamp's voice mail concealed or did not reveal the purpose of the communication, which violated the MOC, M.C.L. § 339.915(e).

32. In October 2009, it was the practice of CBCS in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine which message concealed or did not reveal the purpose of the communication.

33. CBCS used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to call Ms. Kamp's telephone as described in Paragraph 11 of this complaint.

34. CBCS used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to call Ms. Kamp's telephone as described in Paragraph 12 of this complaint.

35. CBCS used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to call Ms. Kamp's telephone as described in Paragraph 13 of this complaint.

36. CBCS used an "artificial or prerecorded voice" to leave the message on Ms. Kamp's telephone voice mail as described in Paragraph 11 of the this complaint.

37. CBCS used an "artificial or prerecorded voice" to leave the message on Ms.

Kamp's telephone voice mail as described in Paragraph 12 of the this complaint.

38.     CBCS used an "artificial or prerecorded voice" to leave the message on Ms. Kamp's telephone voice mail as described in Paragraph 13 of the this complaint.

39.     The telephone number CBCS called when making the telephone call described in Paragraph 11 of this complaint is a telephone number assigned to a cellular telephone service.

40.     The telephone number CBCS called when making the telephone call described in Paragraph 12 of this complaint is a telephone number assigned to a cellular telephone service.

41.     The telephone number CBCS called when making the telephone call described in Paragraph 13 of this complaint is a telephone number assigned to a cellular telephone service.

42.     The telephone call made by CBCS to Ms. Kamp as described in Paragraph 11 of this complaint was not made by CBCS for emergency purposes.

43.     The telephone call made by CBCS to Ms. Kamp as described in Paragraph 12 of this complaint was not made by CBCS for emergency purposes.

44.     The telephone call made by CBCS to Ms. Kamp as described in Paragraph 13 of this complaint was not made by CBCS for emergency purposes.

45.     At no time prior to the filing of this complaint was there any "emergency" on account of which CBCS needed to telephone Ms. Kamp.

46.     Not one of the telephone calls made by CBCS to Ms. Kamp's telephone was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

47.     CBCS did not obtain express consent from Ms. Kamp for CBCS to call Ms. Kamp's telephone, prior to CBCS making the telephone call to Ms. Kamp as described in Paragraph 11 of this complaint.

48. CBCS did not obtain express consent from Ms. Kamp for CBCS to call Ms. Kamp's telephone, prior to CBCS making the telephone call to Ms. Kamp as described in Paragraph 12 of this complaint.

49. CBCS did not obtain express consent from Ms. Kamp for CBCS to call Ms. Kamp's telephone, prior to CBCS making the telephone call to Ms. Kamp as described in Paragraph 13 of this complaint.

50. Prior to October 12, 2009, Ms. Kamp has never communicated directly by telephone with CBCS.

51. Prior to October 12, 2009, Ms. Kamp has never communicated directly in writing with CBCS.

52. Prior to October 12, 2009, Ms. Kamp has never communicated direct oral communication with CBCS.

53. CBCS has no proof of any kind to support any claim that prior to making a telephone call to Ms. Kamp on October 9, 2009, CBCS obtained express consent from directly from Ms. Kamp for CBCS to call Ms. Kamp's telephone.

54. CBCS has no proof of any kind to support any claim that prior to making a telephone call to Ms. Kamp on October 10, 2009, CBCS obtained express consent from directly from Ms. Kamp for CBCS to call Ms. Kamp's telephone.

55. CBCS has no proof of any kind to support any claim that prior to making a telephone call to Ms. Kamp on October 12, 2009, CBCS obtained express consent from directly from Ms. Kamp for CBCS to call Ms. Kamp's telephone.

56. CBCS failed to send Ms. Kamp a timely notice of her rights as required by the

FDCPA, 15 U.S.C. § 1692g.

57. CBCS does not operate a "consumer reporting agency" as the phrase is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

58. CBCS is not employed by a "consumer reporting agency" as the phrase is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

59. Defendant's use of the name "Credit Bureau Collection Services, Inc." falsely represented or implied that CBCS operated or was employed by a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f), in violation of the FDCPA, 15 U.S.C. § 1692e(16), and the MOC, M.C.L. § 339.915a(p).

60. The acts and omissions of CBCS done in connection with efforts to collect a debt from Ms. Kamp were done wilfully.

61. CBCS wilfully violated the FDCPA.

62. CBCS wilfully violated the MOC.

63. CBCS wilfully violated the TCPA.

64. As an actual and proximate result of the acts and omissions of defendant, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.  Class Action Allegations**

65. Ms. Kamp brings this lawsuit as a class action.

66. There are three classes.

67. The FDCPA Class consists of (i) all persons with a Michigan telephone number

(Michigan Area Codes 231,248,269,313,517,586,616,734,810,906,947,989); (ii) to whom CBCS placed a telephone call and left a voice mail or answering machine message in which it did not identify itself by name or state that the caller was a debt collector or state that the telephone call was being made in an attempt to collect a debt; (iii) which telephone call was made in connection with efforts to collect a debt from the person called; (iv) which debt, according to the records of the person called, the creditor, or CBCS, was incurred for personal, family, or household purposes; and (v) which call was made during the one-year period immediately preceding the filing of this complaint through the date of class certification.

68. The MOC Class consists of (i) all persons with a Michigan telephone number (Michigan Area Codes 231,248,269,313,517,586,616,734,810,906,947,989); (ii) to whom CBCS placed a telephone call and left a voice mail or answering machine message in which it did not identify itself by name or state that the caller was a debt collector or state that the telephone call was being made in an attempt to collect a debt; (iii) which telephone call was made in connection with efforts to collect a debt from the person called; (iv) which debt, according to the records of the person called, the creditor, or CBCS, was incurred for personal, family, or household purposes; and (v) which call was made during the four-year period immediately preceding the filing of this complaint through the date of class certification.

69. The TCPA Class consists of (i) all persons with a Michigan telephone number (Michigan Area Codes 231,248,269,313,517,586,616,734,810,906,947,989); (ii) which telephone number was assigned to a cellular telephone service; (iii) to whom CBCS made a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice; and (iv) which call was made during the four-year period immediately preceding the filing of plaintiff's

complaint through the date of class certification.

70. On information and belief, based in part on the use of CBCS of an automatic telephone dialing system and an artificial or prerecorded voice, each class is so numerous that for each class, joinder of all members is impracticable.

71. There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issues include:

(a) Whether CBCS is a debt collector.

(b) Whether CBCS failed in its message to disclose that the telephone call was from a debt collector.

(c) Whether CBCS failed in its message to disclose that the telephone call was being made in an attempt to collect a debt.

(d) Whether CBCS failed in its message to reveal the purpose of the telephone call or concealed the purpose of the telephone call.

(e) Whether CBCS failed in its message to provide meaningful disclosure of the caller's identity.

(f) Whether the message left by CBCS violated the FDCPA.

(g) Whether the message left by CBCS violated the MOC.

(h) Whether the telephone number called by CBCS was assigned to a cellular telephone service.

(i) Whether CBCS used an automatic telephone dialing system to make the telephone calls.

  (j)  Whether CBCS used an artificial or prerecorded voice to leave its message.

  (k)  Whether the messages left by CBCS violated the TCPA.

  72.  The claims brought in this lawsuit can be determined principally from audio recordings and from the records of CBCS.

  73.  CBCS harmed Ms. Kamp and the members of the TCPA class by causing them to retrieve and administer the messages left unlawfully on their cellular telephones and by invading their privacy.

  74.  Ms. Kamp's claims are typical of the claims of the members of each class.  Ms. Kamp's claims are based on the same facts and legal theories as the claims of the members of each class.

  75.  Ms. Kamp will fairly and adequately protect the interests of each class.  Ms. Kamp has retained counsel experienced in prosecuting actions involving unlawful practices under the FDCPA, MOC and TCPA, including consumer class actions in federal and state courts. Neither Ms. Kamp nor her counsel have any interests which may conflict with the interests of any class.  Neither Ms. Kamp nor her counsel have any interests which might cause them not to vigorously pursue this action.

  76.  Certification of each class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate because:

  (a)  The questions of law and fact common to the members of each class predominate over any questions affecting an individual member; and

  (b)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

77.     Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because CBCS has acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

78.     Ms. Kamp requests certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VI.     Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

79.     Plaintiff incorporates the foregoing paragraphs by reference.

80.     Defendant has violated the FDCPA.  Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

- a)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

- b)     Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

- c)     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

- d)     Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

- a)     Statutory damages for Ms. Kamp in the amount of $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A) and (B);

b) Statutory damages for the members of the FDCPA Class, *pro rata*, in the amount of the lesser of $500,000.00 or one per centum of the net worth of CBCS, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

81. Plaintiff incorporates the foregoing paragraphs by reference.

82. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c) Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

d) Defendant violated M.C.L. § 339.915a(p) by operating under a name or in a manner that falsely implied that the collection agency is a credit reporting agency regularly furnishing a credit report about consumers.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Statutory damages for Ms. Kamp in the amount of $50.00, trebled to $150.00 for a wilful violation, pursuant to M.C.L. § 339.916;

b) Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to $150.00 for a wilful violation, pursuant to M.C.L. § 339.916, and without regard to defendant's net worth;

c) Equitable, declaratory and injunctive relief pursuant to M.C.L. § 339.916, including but no limited to, a declaration that defendant's debt collection practices violate the MOC, as well as an injunction, enjoining defendant from using its pre-recorded voice message which violates Michigan law, and enjoining defendant from using the name Credit Bureau Collection Services, Inc.; and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916.

### Count 3 – Telephone Consumer Protection Act

83. Plaintiff incorporates the foregoing paragraphs by reference.

84. Defendant has violated the TCPA. Defendant's violations of the TCPA include, but are not necessarily limited to, the following:

a) Defendant repeatedly violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Statutory damages for Ms. Kamp of $500.00 for each violation of the TCPA, trebled to $1,500.00 for each wilful violation, pursuant to 47 U.S.C. § 227(b)(3).

b) Statutory damages for each member of the TCPA Class in the amount of $500.00 for each violation of the TCPA, trebled to $1,500.00 for each wilful violation, pursuant to 47 U.S.C. § 227(b)(3);

c) An injunction, enjoining defendant from violating the TCPA, pursuant to 47

U.S.C. § 227(b)(3)(A); and

d) An award of costs and a reasonable attorney's fee.

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: October 20, 2009

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com